1823.

SLEE
v.
BLOOM.

SLEE *against* BLOOM and others.

Where the order for confirming a Master's report is regular, the order will not afterwards be vacated, so as to allow the defendant to except to the report, when he purposely kept back his objections at the time, and did not state them before the Master, though he had full knowledge of all the facts which formed the grounds of his exception.

MOTION, on the part of the defendants, to vacate an order, confirming the Master's report; and that the defendants be permitted to except to the report.

*Stockholm*, for the motion.

*P. Ruggles*, contra.

THE CHANCELLOR.    The order for confirming the report was regular.    The defendants were duly summoned to appear before the Master, on the 25th of *February*, to settle the report, which was filed on the 28th of *February*, and a rule entered that it stand confirmed, unless cause was shown against it in eight days.

*April 2d.*

Exceptions were not filed or served, until the 10th of *March*; and this was too late, as the eight day rule had expired.    The solicitor for the plaintiff refused to receive the exceptions, and he placed his refusal on strict right.

The defendants do not entitle themselves to be let in upon terms; because, the equity of the case, on this point, is against them.    There had been a prior reference in the cause, in *June*, 1822; and the claims of the plaintiff, and the objections on the part of the defendants, were then laid before the Master.    But the defendants did not then offer any of the objections, the rejection of which, on this last reference, form the ground of the exceptions.

VOL. VII.            18

That ground of objection was mentioned on the first reference, by one of the defendants; but their counsel remarked, that they should not set up that objection at that time, and it was not brought before the Master. When the exceptions to the first report of the Master were argued, at the last *August* term, the defendants were requested to raise the very objections, which now form the substance of the exceptions, and have them discussed and settled; and they refused to do so.

It would be vexatious and oppressive, to allow a party to keep back part of the objections, when he had, at the time, full knowledge of all the facts, and held them in reserve for a new reference. This would render litigation interminable. It was the duty of the party to have stated all their existing objections to the demand, before the Master, upon the first reference, and not raise them in this way in detail, so as to have a separate reference on each objection. If he does not make his objections in due season, he ought to be deemed to have waived them; and especially, he cannot come, on the foot of grace and favour, to have them received, after he has lost his opportunity, by the regular practice of the Court.

*Motion denied, with costs.*